## STATE v. RUSSELL BUCK.

(Filed 25 March, 1953.)

**Criminal Law § 53i—**

An instruction that the jury had the "right to consider" defendant's evidence of good character upon the question of his guilt or innocence, and also "ought to consider it" as corroborative evidence, *held* not prejudicial, it appearing that the jury was given to understand that it was their duty to consider the character evidence in both aspects.

APPEAL by defendant from *Grady, Emergency Judge,* January Term, 1953, of PITT. No error.

The defendant was indicted for assault with deadly weapon, to wit, a rifle and shotgun, upon the person of the State's witness. The jury returned verdict of guilty, and from judgment imposing sentence the defendant appealed.

*Attorney-General McMullan, Assistant Attorney-General Moody, and Gerald F. White, Member of Staff, for the State.*
*Albion Dunn for defendant, appellant.*

PER CURIAM. The several assignments of error brought forward in defendant's appeal, based upon exceptions noted to ruling of the court during the trial, have been duly considered and found to be without substantial merit.

The defendant assigned error in the charge of the court in that, in referring to evidence of good character of the defendant the court charged that the jury had the "right to consider" this evidence in passing upon his guilt or innocence, and that the jury also "ought to consider it" as corroborative evidence. It was argued that a distinction was thus made with respect to the consideration to be given character evidence on the question of guilt or innocence, and that to be given it as corroborative.

The portion of the charge to which exception was noted was as follows:

"He (defendant) has offered in evidence the good character of him and his son. That is to be considered first upon the question of guilt or innocence. A man charged with crime has the right to show that he is a man of good character. The jury has the right to consider that in passing upon the guilt or innocence. You also ought to consider it as corroborative evidence."

We think it sufficiently appears that the jury was given to understand that it was their duty to consider character evidence in both aspects. The court charged this evidence "is to be considered" by the jury both as substantive and corroborative evidence. We think no harm has resulted to the defendant from the manner in which this instruction was stated. It was said in *S. v. Taylor,* 236 N.C. 130, 71 S.E. 2d 924, that "the use of the word 'may' instead of 'should' in this excerpt from the charge is not prejudicial." See also *S. v. Moore,* 185 N.C. 637, 116 S.E. 161.

There was plenary evidence to sustain the verdict of guilty of assault with deadly weapon. The State's witness was shot in the face from a blast from a shotgun.

In the trial we find

No error.